UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

CHRISTOPHER EMMETT ALLEN,

   Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

   Defendant.

NO. CV-11-3094-RHW

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 17 and Defendant's Motion for Summary Judgment, ECF No. 25. The motions were heard without oral argument. Plaintiff is represented by D. James Tree. Defendant[1] is represented by Assistant United States Attorney Pamela De Rusha and Special Assistant United States Attorney Sandra Thourot Krider.

**I. Jurisdiction**

On February 6, 2008, Plaintiff Christopher Allen filed an application for Supplemental Social Security Income (SSI). Plaintiff alleges that he has been disabled since December 20, 2001.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 1

His application was denied initially on October 1, 2008, and again denied on reconsideration on November 17, 2008. A timely request for a hearing was made. On June 17, 2010, Plaintiff appeared in Yakima, Washington by video conference before Administrative Law Judge (ALJ) Marie Palachuk, who presided in Spokane, Washington. Richard A. Hutson, M.D, and Thomas McKnight, Ph.D, medical experts, and Sharon Welter, vocational expert, also appeared at the hearing. Plaintiff was represented by attorney Chad Hatfield.

The ALJ found that Plaintiff was not disabled since February 6, 2008, the date the application was filed. Plaintiff timely requested review by the Appeals Council, which was denied July 16, 2011. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner. 42 U.S.C. §405(h). Plaintiff timely filed an appeal with the U.S. District Court for the Eastern District of Washington on September 16, 2011. The instant matter is before the district court pursuant to 42 U.S.C. § 405(g).

## II.    Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 2

§§ 404.1520(b), 416.920(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. 20 C.F.R. §§ 404.1574, 416.972; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. §§ 404.1571, 416.920(b). If he is not, the ALJ proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. §§ 404.1508-09, 416.908-09. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Step 4: Does the impairment prevent the claimant from performing work he has performed in the past? 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is able to perform his previous work, he is not disabled. *Id.* If the claimant cannot perform this work, the ALJ proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of his age, education, and work experience? 20 C.F.R. §§ 404.1520(f), 416.920(f).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 3

(9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III.   Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 .S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate non-disability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

### IV.   Statement of Facts

The facts have been presented in the administrative transcript and the ALJ's decision, and will only be summarized here.

At the time of the hearing, Plaintiff was 51 years old. He obtained his GED.

He is divorced and has three sons and one daughter. He lives with his parents. He previously has worked as a construction worker, manual laborer at an aluminum plant and hide and fur company, and as a short order cook.

Plaintiff hurt his back in a work accident in 2001. He has not worked since this time. Additionally, Plaintiff did not have income for 1987, 1988, 1991-1997.

## V.     The ALJ's findings

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since February 6, 2008, the application date. (Tr. 18.)

At step two, the ALJ found Plaintiff had the following severe impairments: lumbar strain. (Tr. 18.)

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 18.) The ALJ considered whether Plaintiff met the listing for 1.04, disorders of the spine. Dr. Hutson opined that Plaintiff's spinal impairment did not meet or medically equal the Listing, and the ALJ agreed with his assessment. (Tr. 18.)

The ALJ found that Plaintiff has the residual functional capacity to perform light work as defined in 20 C.F.R. 416.967(b)$^2$, except can occasionally balance,

---

$^2$(b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

stoop, crouch, crawl, and kneel, occasionally climb stairs and ramps, but never ladders, ropes, and scaffolds. Plaintiff should avoid concentrated exposure to hazards such as moving machinery and heights, and avoid concentrated exposure to heat, cold, and wetness. (Tr. 20.)

At step four, the ALJ found Plaintiff capable of performing past relevant work as a cook short order. In doing so, the ALJ relied on the vocational expert's opinion that Plaintiff could perform the work as a cook short order. (Tr. 25.)

The ALJ also made an alternative step five finding. She considered Plaintiff's age, education, work experience, and residual functional capacity and found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Specifically, the ALJ found that Plaintiff can perform the jobs of fast foods worker, cashier II, and Sorter, agricultural produce. (Tr. 26.)

## VI. Issues for Review

Plaintiff presents the following issues with respect to the ALJ's findings:

1. The ALJ erred in improperly rejecting the opinions of Plaintiff's treating doctor;

2. The ALJ erred in improperly rejecting Plaintiff's subjective complaints;

3. The ALJ erred in failing to conduct an adequate step four analysis;

4. The ALJ erred in failing to meet her step five burden to identify specific jobs, available in significant numbers consistent with Plaintiff's specific functional limitations.

## VII. Discussion

**1.    Treating Doctor's Opinion**

Plaintiff argues the ALJ failed to properly consider the opinion of Dr. Schmitt, Plaintiff's treating physician. At issue is notations made during a November 24, 2009 office visit. Plaintiff visited Dr. Schmitt for his back pain and

---

20 C.F.R. § 416.967(b)
**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 6

to have the doctor fill out paperwork. (Tr. 386.) Under the Assessment/Plan section, Dr. Schmitt noted that Plaintiff "can do light work with his limitations, with ability to take breaks if he was standing a lot." (Tr. 386). Plaintiff reported to Dr. Schmitt that he lays down for 30 minutes every day. (Tr. 386.) Upon examination, Dr. Schmitt noted: "No kyphosis. No scoliosis. Spine is negative for posterior tenderness. Normal flexion. Normal extension." (Tr. 386.)

Dr. Schmitt filled out the paperwork and noted that Plaintiff had radiating lower back pain that is worse with activity, with a slight decrease in range of motion of lumbar spine. (Tr. 381.) He noted that Plaintiff had to lie down during the day for 30 minutes to relieve leg numbness. (Tr. 381.) He had a guarded prognosis. Specifically, he stated, "I don't think he will ever return to a heavy occupation. He would be suitable for light or sedentary work." (Tr. 382.) Dr. Schmitt indicated he believed heavy work on a regular and continuous basis would cause Plaintiff's condition to deteriorate. (Tr. 382.) He also stated that if Plaintiff currently attempted to work a 40-hour per week schedule, it is more probably than not that Plaintiff would miss 4 or more days per month due to his medical impairment. (Tr. 382.) In explaining this conclusion, Dr. Schmitt wrote:

> when he works at home he can do some work but then takes 2 days to recover. Light duty work would be ideal.

(Tr. 382.)

The ALJ interpreted Dr. Schmitt's statement to mean that Plaintiff would not miss work if he performed no more than light duty work. (Tr. 24.) Plaintiff disagrees with this interpretation. Plaintiff argues Dr. Schmitt's assessment that he would miss four or more days of work per month was based on the demands of light or sedentary work. According to Plaintiff, "[t]he ALJ mistakenly equated 'some work at home' with full-time competitive employment." As such, the ALJ erred in not concluding that Plaintiff would miss four days a month while working light exertion jobs, and also erred in not including this limitation in Plaintiff's residual functional capacity.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 7

The Court finds the ALJ's interpretation of Dr. Schmitt's statements to be reasonable. It was reasonable to interpret Dr. Schmitt's statements regarding absences to apply if Plaintiff were to attempt heavy duty work, rather than light duty. It is not the Court's job to find the correct interpretation of Dr. Schmitt's notations. *See Batson*, 359 F.3d at 1193. Rather, its role at this point in the process is to determine whether the ALJ's interpretation is reasonable. Because it is, the ALJ's conclusion that Plaintiff is capable of performing light work is supported by the record. The record supports a finding that Dr. Schmitt believed Plaintiff is capable of light exertional work. Consequently, the residual functional capacity determined by the ALJ is supported by the record.

**2.    Step Four Analysis**

Plaintiff argues the ALJ failed to conduct a proper step four assessment. In her Order, the ALJ found that Plaintiff is able to perform the work of a cook short order as it is typically performed. (Tr. 24.) The ALJ relied on the vocational expert's opinion in making her conclusion. (Tr. 25.)

At step four, the claimant has the burden to show he or she can no longer perform their past relevant work. 20 C.F.R. §§ 404.1520(e) and 416.920(e); *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). Even so, the ALJ still has a duty to make the requisite factual findings to support her conclusion. SSR 82-62; *Id.* Two sources of information may be used to define a claimant's past relevant work as actually performed: a properly completed vocational report, SSR 82–61, and the claimant's own testimony, SSR 82–41. *Pinto*, 249 at 845. The best source for how a job is generally performed is usually the Dictionary of Occupational Titles. *Id.* at 846.

In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain among the findings the following specific findings of fact:

1.    A finding of fact as to the individual's RFC;

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 8

2.  A finding of fact as to the physical and mental demands of the past job/occupation;

3.  A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

SSR 82-62.

At the hearing, Ms. Welcher, vocational expert, noted that Plaintiff performed work as a Cook, Short-order, DOT code 313.374-014, light exertional level.[3] (Tr. 68.) The ALJ asked Ms. Welcher whether a hypothetical individual with the same age, education, and work experience as Plaintiff, who would be limited to the full range of light work, all postural at occasional, no ladders, and avoiding concentrated exposure to heat, wet, humidity, vibration, hazards and heights, would be able to perform any of Plaintiff's past work. (Tr. 70.) Ms. Welcher indicated that Plaintiff could perform the job of cook, short-order. (Tr. 71.)

The ALJ's findings meet the requirements set forth in SSR 82-62. The ALJ properly relied on the vocational expert's testimony as well as reference to the Dictionary of Occupational Titles. *See* 20 C.F.R. § 404.1560(b)(2).[4] As such, the

---

[3] The DOT description provides:
> Prepares food and serves restaurant patrons at counters or tables: Takes order from customer and cooks foods requiring short preparation time, according to customer requirements. Completes order from steamtable and serves customer at table or counter. Accepts payment and makes change, or writes charge slip. Carves meats, makes sandwiches, and brews coffee. May clean food preparation equipment and work area. May clean counter or tables.
> *GOE: 05.10.08 STRENGTH: L GED: R3 M2 L2 SVP: 3 DLU: 81*

http://www.govtusa.com/dot/dot03a.html.

[4] 20 C.F.R. § 404.1560(b)(2) provides:
> We may use the services of vocational experts or vocational specialists, or other resources, such as the "Dictionary of Occupational Titles" and its companion volumes and supplements, published by the Department of Labor, to obtain evidence we need to help us determine whether you can do your past relevant work, given your residual functional capacity. A vocational expert or specialist

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 9

1  ALJ did not commit clear error. Also, substantial evidence supports her
2  determination that Plaintiff can perform the full range of light work and the
3  exertional level required for a Cook, Short-order is light.

### 3. Plaintiff's Testimony

Plaintiff argues the ALJ improperly rejected his subjective complaints. He asserts the ALJ failed to provide the required clear and convincing reasons for rejecting his complaints and failed to identify what testimony was not credible or what evidence underminded those complaints.

Here, the ALJ properly engaged in the two step process to evaluate Plaintiff's testimony regarding subjective pain.[5] He found that while Plaintiff's

---

may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy. Such evidence may be helpful in supplementing or evaluating the accuracy of the claimant's description of his past work. In addition, a vocational expert or specialist may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work, either as the claimant actually performed it or as generally performed in the national economy.

[5]In order to find a claimant's testimony regarding severity of his impairments unreliable, the ALJ must make "a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). (citation omitted). In doing so, the Court engages in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). Once a "claimant meets this first test, and there is not evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering clear and

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10**

medically determinable impairment could reasonably be expected to cause some of the alleged symptoms, Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (Tr. 21).

An ALJ's assessment of a claimant's credibility is entitled to "great weight." *Anderson v. Sullivan*, 914 F.2d 1121, 1124 (9th Cir. 1990). When there is no evidence of malingering, the ALJ must give "'specific, clear and convincing reasons'" for rejecting a claimant's subjective symptom testimony. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation omitted); *accord Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234 (9th Cir. 2011) (*citing Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)).[6] If the ALJ's credibility finding is supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

---

convincing reasons for doing so." *Id.*

[6]Defendant argues the Court need only determine whether the ALJ properly made "specific," cogent findings, supported in the record, for rejecting a claimant's subjective symptom testimony, rather than "clear and convincing evidence." Indeed, some cases have held that, at a minimum, an ALJ must make specific, cogent findings, supported in the record, to reject a claimant's subjective symptom testimony. *See*, *e.g., Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010); *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990); *see also* Social Security Ruling 96–7p ("When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements"). The majority of cases apply the clear and convincing standard. Out of an abundance of caution, this Court shall apply the arguably more rigorous "clear and convincing" standard.

In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 CFR 404.1529© and 416.929(c) describe the kinds of evidence, including the factors below, that the ALJ must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

1. The individual's daily activities;
2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
3. Factors that precipitate and aggravate the symptoms;
4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7P, 1996 WL 374186.

Here, the ALJ did not commit legal error in her consideration of Plaintiff's testimony and did not err in not crediting Plaintiff's reports of his limitations caused by his impairments. Moreover, the ALJ provided specific findings and stated clear and convincing reasons in finding Plaintiff's testimony regarding his limitations not credible. The ALJ reviewed the medical evidence and concluded it did not support Plaintiff's subjective complaints. She identified evaluations indicating normal examinations. Notably, the ALJ relied on Dr. Seltzer's opinion that in 2007 Plaintiff's condition was "fixed and stable." (Tr. 22.) Also, the ALJ

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 12

noted that although Plaintiff alleges he has been disabled since December 20, 2001, he did not provide medical records dating back that far, so there is nothing in the record that evidences the actual severity of the injury. (Tr. 21.) The ALJ noted the record is inconsistent with respect to Plaintiff's use of alcohol and substance abuse. (Tr. 22.) Moreover, the ALJ noted that his earning records show several years without income prior to the alleged date of onset, which suggests the failure to work was because of something other than his back pain.

The ALJ did not err in evaluating Plaintiff's credibility regarding his reports of his limitations caused by his impairments.

## VIII. Conclusion

Substantial evidence supports the ALJ's decision. Dr. Hutson, Dr Gaffield[7], and Dr. Schmitt concluded that Plaintiff is capable of light exertion work. The medical evidence supports a finding that Plaintiff is capable of light exertion work.

Plaintiff has not met his burden of showing the ALJ committed legal error, or that her conclusion that Plaintiff was not disabled from December 20, 2001 to July 2, 2010, is not supported by substantial evidence. The ALJ properly found that Plaintiff was capable of performing past relevant work as Cook, Short Order and properly found that he is not disabled.

Accordingly**, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF 17, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 25, is **GRANTED**.

3. The decision of the Commissioner denying benefits is **affirmed**.

---

[7] Dr. Gaffield opined that Plaintiff is capable of medium exertion work, but he may have limitations in terms of climbing several flights of stairs or steep incline planes. (Tr. 351.) The ALJ gave Plaintiff the benefit of the doubt and determined that he is limited to light exertion work. (Tr. 23.)

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13**

4. The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel, and **close the file**.

**DATED** this 8th day of October, 2013.

   *s/Robert H. Whaley*
   ROBERT H. WHALEY
   United States District Judge

Q:\RHW\aCIVIL\2011\Allen (SS)\sj.wpd

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 14